J. BLAINE ANDERSON, Circuit Judge:
 

 Appellant Naval Weapons Center Federal Credit Union (Credit Union), the judgment creditor, appeals from the order of the district court affirming the bankruptcy court’s
 
 *844
 
 decision to set aside the constable’s sale of the appellees’ dwelling home. We reverse.
 

 I.
 
 JURISDICTION
 

 As a preliminary matter, we consider our jurisdiction over this appeal. At oral argument, we raised the issue whether a timely notice of appeal was filed from the judgment of the bankruptcy court “[sjince this court’s jurisdiction can only be based on a proper exercise of jurisdiction in the [district court]. . .. ”
 
 Matter of Ramsey,
 
 612 F.2d 1220, 1222 (9th Cir. 1980).
 

 The judgment of the bankruptcy court was entered on February 8, 1978. The notice of appeal from the judgment of the bankruptcy court was filed on February 21, 1978. The notice of appeal was thus not filed within the ten days allowed under Bankruptcy Rule 802(a). However, we take notice that the tenth day fell on a Saturday, the next day was a Sunday, and the following Monday, the 20th, was Washington’s Birthday, a legal holiday. Under Rule 6(a) of the Federal Rules of Civil Procedure, when the last day of the period for filing falls on a Saturday, Sunday, or legal holiday, the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. Therefore, we determine that the filing of the notice of appeal on the 21st of February, 1978, was timely and this court has jurisdiction over this appeal.
 

 II.
 
 FACTS
 

 The bankruptcy court found that the Credit Union had recovered a money judgment against the appellees which was entered on June 30, 1975. An abstract of the judgment was recorded by the County Recorder, County of Kern, on July 9, 1975. On November 10, 1975, a writ of execution was issued by the Superior Court of California and recorded by the County Recorder, County of Kern. The writ of execution was levied on the dwelling home of the appellees on December 7, 1975. The appellees filed a declaration of homestead on December 12, 1975. On December 22, 1975, a notice of the constable’s sale was given. Subsequently, on January 12, 1976, the appellees filed for bankruptcy. The property was sold at the constable’s sale on January 16, 1976.
 

 The bankruptcy court also found that the appellees resided at the home in question and were at all relevant times insolvent. Further, the court found that the constable’s sale had been conducted without its permission.
 

 The bankruptcy court ruled that the dwelling home exemption of section 690.-235
 
 [1]
 
 of the California Code of Civil Procedure was applicable to the appellees’ property. Thus no lien was created by the recordation of the abstract of judgment on July 9, 1975, as section 674 of the California Code of Civil Procedure provided that a recorded judgment does not become a lien on exempt property. The court held that a lien was obtained on the property at the time of the levy of execution on December 7, 1975; however, the lien thus obtained was within four months of the filing for bankruptcy and was therefore void under 67(a)(1) of the Bankruptcy Act, 11 U.S.C. § 107(a)(1). Similarly, the court ruled that even if the appellees had subsequently lost their section 690.235 exemption because they had failed to file an affidavit of exemption under section 690.26
 
 [2]
 
 of the California Code of Civil Procedure, the only lien
 
 *845
 
 obtained occurred on December 7, 1975. Since the lien was obtained within four months of the filing for bankruptcy, it was void under section 67(a)(1). In addition, the court ruled that the sale of the appellees’ property was void as it had taken place in violation of the automatic stay provisions of section 601 of the Rules of Bankruptcy Procedure.
 
 [3]
 

 III.
 
 DISCUSSION
 

 Section 690.235 provided that a dwelling home in which a debtor resided shall be exempt from execution to the same extent as the debtor would be entitled to select as a homestead under section 1237, et seq., of the California Civil Code, the homestead exemption statute. It was intended that section 690.235 would provide the same protection accorded under section 1237, et seq. without the requirement of the prior filing or recordation of the exemption.
 
 In re Sanford,
 
 8 B.R. 761, 764 (U.S.D.C. N.D.Cal.1981). The procedures under California Code of Civil Procedure, section 690.50, in fact, provided that an affidavit of the debt- or claiming the dwelling home exemption be filed only after the real property had been levied upon by a writ of execution.
 

 The bankruptcy court ruled that section 690.235 was applicable to appellees’ property which had been the subject of the constable’s sale. In reaching its decision, the court determined that:
 

 “. . . Section 690.235 made no substantive change in the law; it did not increase the amount of the exemption or change the character of the property exempted; it merely stated that henceforth a debtor would be entitled to his homestead exemption whether he filed a homestead or not. I do not believe it can be said that a creditor has been deprived of a substantial or substantive right merely because his debtor is relieved of the necessity of filing a piece of paper in order to keep his home.”
 

 Appellant argues that the court erred because it retroactively applied section 690.-235 to the present case. Appellant contends that section 690.235 cannot be retroactively applied in this situation without violating the constitutional prohibition against the impairment of contractual obligations as set forth in Article 1, Section 10, Clause 1 of the United States Constitution.
 
 [4]
 
 This issue arises as section 690.235 became effective on July 1, 1975, and the judgment lien in question resulted from a debt owed to the Credit Union by appellees on several outstanding loans which had been entered into prior to the enactment of section 690.235.
 

 A.
 
 Contract Clause
 

 1.
 
 California Decisions
 

 Two different courts from the State of California have considered the question raised here and have reached opposite conclusions. In
 
 Daylin Medical and Surgical Supply, Inc. v. Thomas,
 
 138 Cal.Rptr. 878, 69 Cal.App.3d Supp. 37 (1977), the court ruled that the retroactive application of section 690.235 did substantially impair preexisting contractual rights. The debtors had argued that section 690.235 had not created a new exemption, but merely allowed the claiming of a homestead exemption without a prior declaration as required under the homestead laws. The court rejected this argument. The court noted that under the homestead laws, there was no exemption without a prior recordation of the homestead claim. Without the enactment of section 690.235, the creditors would have been able to execute against the debtors’ dwelling. The court concluded that section 690.-235 created an exemption where none existed and deprived the creditor of a right he had at the time the obligation had been incurred. Thus the court ruled that the contract had been impaired and held that section 690.235 could not be retroactively applied in that case.
 

 
 *846
 
 The district court of appeals, in
 
 San Diego White Truck Co. v. Swift,
 
 157 Cal.Rptr. 745, 96 Cal.App.3d 88 (Ct. of App.1979), declined to follow
 
 Daylin.
 
 The court stated that in striking the balance between rights of creditors and debtors, the State had always provided exemptions for persons unable to pay their debts and that the protection of the homestead from forced sales had been a part of the State’s original constitution. Thus the court concluded that the broadest application of section 690.235 was needed to accomplish its purposes. The court declared that the ability to gain the homestead protection should not rest upon the filing or non-filing of a homestead declaration. The court determined that the retroactive application of section 690.235 would have only minimal effect because the rights of creditors had always been subject to the homestead exemption and section 690.235 merely took away the gamesmanship involved in obtaining the exemption.
 

 In bankruptcy actions, the federal courts decide the merits of state exemptions, but the validity of the claimed state exemption is controlled by the applicable state law.
 
 In the Matter of Jackson,
 
 472 F.2d 589, 590 (9th Cir. 1973);
 
 see also, In re Bassin,
 
 637 F.2d 668, 670 (9th Cir. 1980).
 
 San Diego White Truck
 
 appears to be the most recent and the highest court decision in California on the subject, and therefore, ordinarily should be followed “in the absence of convincing evidence that the highest court of the state would decide differently.”
 
 Klingebiel
 
 v.
 
 Lockheed Aircraft Co.,
 
 494 F.2d 345, n. 2 (9th Cir. 1974). However, here, the validity of the exemption rests upon the interpretation and application of a clause of the United States Constitution. In such a situation, a decision of a state court, while it might provide some guidance, is not controlling. Thus we will independently review the issue.
 

 2.
 
 The Applicable Law
 

 The United States Supreme Court has recognized that “ ‘literalism in the construction of the contract clause . . . would make it destructive of the public interest by depriving the State of its prerogative of self-protection.’
 
 W.B. Worthen Co. v. Thomas,
 
 292 U.S. 426, 433, 54 S.Ct. 816, 818 [, 78 L.Ed. 1344].”
 
 Allied Structural Steel Co. v. Spannus,
 
 438 U.S. 234, 241, 98 S.Ct. 2716, 2721, 57 L.Ed.2d 727 (1978). Nevertheless, the Court has also acknowledged that:
 

 “If the Contract Clause is to retain any meaning at all, however, it must be understood to impose
 
 some
 
 limits upon the power of a State to abridge existing contractual relationships, even in the exercise of its otherwise legitimate police power.”
 

 Allied Structural,
 
 438 U.S. at 242, 98 S.Ct. at 2721. Thus, in testing the validity of legislative action under the contract clause, it must first be determined whether the state law substantially impairs the contractual relationship.
 
 Allied Structural Steel,
 
 438 U.S. at 244, 98 S.Ct. at 2722. If only minor alterations of contractual obligations are present, then the inquiry ends as no constitutional violation has occurred.
 
 Id.
 
 at 245, 98 S.Ct. at 2723. But where the impairment is substantial, then the nature and purpose of the legislation must be examined to determine whether the governmental interests justify the impairment.
 
 Id., Northwest National Life Ins. Co. v. Tahoe Regional Planning Agency,
 
 632 F.2d 104, 106 (9th Cir. 1980).
 

 a.
 
 Impairment of Contractual Obligations
 

 “The obligation of a contract is ‘the law which binds the parties to perform their agreement.’
 
 Sturges v. Crowinshield,
 
 4 Wheat. 122, 197, 4 L.Ed. 529, 549.”
 
 Home Building & Loan Assoc. v. Blaisdell,
 
 290 U.S. 398, 429, 54 S.Ct. 231, 236, 78 L.Ed. 413 (1934). Thus the laws which existed at the time the contract was entered into and which affect its validity, construction, discharge and enforcement, in effect, are incorporated within the contract.
 
 Id.
 
 at 429-430, 54 S.Ct. at 236-237. However, while the remedy may be an integral part of the contract, a state may change or modify the form of the remedy, provided that no substantial right is impaired. Thus, it was
 
 *847
 
 determined by the Supreme Court that no substantial question under the contracts clause was presented where a statute, enacted after the formation of the contract, required that the right to a deficiency judgment be determined in the foreclosure suit.
 
 Honeyman v. Hanan,
 
 302 U.S. 375, 378, 58 S.Ct. 273, 274, 82 L.Ed. 312 (1937). On the other hand, where a state’s constitution created a homestead exemption, the Court determined that the exemption could not be applied retroactively because it would so affect the remedy- of the creditor as to substantially impair and lessen the value of the contract.
 
 Edwards v. Kearzey,
 
 96 U.S. 595, 24 L.Ed. 793 (1878). Similarly, in
 
 W. B. Worthen v. Thomas,
 
 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344 (1934), a statute which exempted insurance proceeds from the claims of creditors was held to violate the contract clause as the judgment and garnishment procedures provided appropriate means to enforce the contractual obligations and the retroactive application of the exemption altered substantial rights.
 
 See also, Medical Finance Association v. Wood,
 
 20 Cal.App.2d Supp. 749, 63 P.2d 1219 (1936) (newly-created automobile exemption could not be applied retroactively as it would take away a right which existed at the time the contract was created);
 
 Bassin, supra,
 
 (retroactive application of a $10,000 increase in the California homestead exemption unconstitutionally impairs pre-existing contractual obligations).
 

 Here, the exemption under section 690.-235 protected the dwelling home of the debtor to the same extent and in the same amount as the debtor would have been entitled to select through a declaration of homestead. However, differences between the two exemptions exist. The homestead exemption, which preceded the dwelling home exemption, could only be claimed if a declaration of homestead had been filed pri- or to the recordation of an abstract of judgment by a creditor. Where a homestead had not been previously declared, a judgment lien could attach and was enforceable as against that real property.
 

 The exemption under section 690.235 required no prior filing. After a writ of execution had been levied upon his dwelling home, the debtor could then assert the dwelling home exemption to prevent execution of the writ. A recorded abstract of judgment which normally would become a judgment lien on real property which had not been protected under a homestead declaration could not attach to real property which qualified under section 690.235.
 
 [5]
 

 There is no question that appellees had not made a timely declaration of homestead. Under the law existing at the time the contractual relationship was entered into, a judgment lien would have attached upon the real property when the Credit Union recorded its abstract of judgment and the appellees’ property would have thereafter been subject to execution. However, the retroactive application of section 690.235 exempted the appellees’ property from execution.
 

 It is quite clear that had the homestead exemption not previously existed, the concept of the section 690.235 exemption would have been entirely new and its enactment and application would have presented a contract impairment situation identical to
 
 W. B. Worthen v. Thomas, Edwards v. Kearzey,
 
 and
 
 Medical Finance Ass’n v. Wood.
 
 Although the circumstances are not identical, we believe those precedents are nevertheless controlling. The net effect of section 690.235 was the creation of a new automatic exemption for dwelling homes where, previously, a timely declaration of homestead was required. Although the exemptions are similar, we believe that the differences and their results are significant. Under the circumstances of this case, we believe section 690.235 substantially impaired the pre-existing contractual obligations of the parties. We must therefore determine whether governmental interests justified the impairment.
 

 b.
 
 Governmental Interests
 

 A review of previous contract clause cases shows that in order to justify the
 
 *848
 
 impairment of contractual obligations, there must be a necessity for the legislation and the legislation must be reasonable under the circumstances.
 
 See United States Trust Co. v. New Jersey,
 
 431 U.S. 1, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977);
 
 Allied Structural; Home Building & Loan Association v. Blaisdell,
 
 290 U.S. 398, 429, 54 S.Ct. 231, 236, 78 L.Ed. 413 (1934);
 
 W. B. Worthen Co. v. Thomas; W. B. Worthen Co. v. Kavanaugh,
 
 295 U.S. 56, 55 S.Ct. 555, 79 L.Ed. 1298 (1935);
 
 Treigle v. Acme Homestead Ass’n.,
 
 297 U.S. 189, 56 S.Ct. 408, 80 L.Ed. 575 (1936);
 
 but see, El Paso v. Simmons,
 
 379 U.S. 497, 85 S.Ct. 577, 13 L.Ed.2d 446 (1965).
 

 Here, the California Legislature was concerned that a large majority of homeowners had not claimed the benefits of the homestead exemption, either through their ignorance of the law or their failure to satisfy the requirements for declaring a homestead.
 
 San Diego White Truck,
 
 157 Cal. Rptr. at 747. However, it has not been shown that there was a necessity for the retroactive application of section 690.235. In
 
 San Diego White Truck,
 
 and in this case, there has been no showing that a large number of people face foreclosure of their homes without the retroactive application of section 690.235, or that homeowners who incurred obligations prior to the passage of section 690.235 could not still take advantage of the homestead exemption. While the benevolent purpose of the dwelling home exemption is evident, under the circumstances, it does not justify the impairment of contractual obligations entered into prior to the enactment of section 690.235. Thus section 690.235 cannot constitutionally be applied retroactively.
 

 B.Section 674
 

 Through the relevant time period, section 674 provided that the recordation of an abstract of judgment in the county in which a judgment debtor’s real property was situated created a lien upon such real property unless such property was exempt from execution. Since we have determined that section 690.235 did not operate retroactively, appellees’ property was not exempt from execution when the Credit Union recorded the abstract of judgment on July 9, 1975. Thus, under section 674, a judgment lien attached to the property as of that date.
 

 C.
 
 Section 67(a)(1) of the Bankruptcy Act
 

 Section 67(a)(1) of the Bankruptcy Act, 11 U.S.C. § 107(a)(1) provided that liens against property obtained within four months before the filing of a petition for bankruptcy shall be deemed null and void. After ruling that section 690.235 prevented the attachment of the judgment lien on July 9, 1975, the bankruptcy court determined that the Credit Union did obtain a lien on December 7, 1975, when a writ of execution was levied. However, the bankruptcy court held that since the lien was obtained within four months of the filing of the petition for bankruptcy on January 12, 1976, the lien was void.
 

 However, as we determined above, the lien was obtained when the abstract of judgment was recorded on July 9, 1975, which was more than four months prior to the filing of the bankruptcy petition. Thus the lien obtained was not invalid under section 67(a)(1).
 

 D.
 
 Automatic Stay of Rule 601 of the Rules of Bankruptcy Procedure
 

 The bankruptcy court also voided the constable’s sale of the appellees’ property because it ruled that the sale was made in violation of the automatic stay provisions of the Rules of Bankruptcy Procedure Rule 601. Rule 601(a) provided that:
 
 *849
 
 Thus, Rule 601 operated as an automatic stay of actions which affected the assets of the bankruptcy estate.
 

 
 *848
 
 “The filing of a petition [in bankruptcy] shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) a lien against property in the custody of the bankruptcy court, or (2) a lien against the property of the bankrupt obtained within four months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings.”
 

 
 *849
 
 However, where a lien has been obtained more than four months before the filing of bankruptcy, judicial proceedings to enforce that lien may continue unabated unless the property remained in the custody of the bankrupt at the time the petition in bankruptcy was filed. Bankruptcy Rule 601, Advisory Committee’s Notes;
 
 see Straton v. New,
 
 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060 (1931);
 
 In re Maier Brewing Co.,
 
 65 F.2d 673 (9th Cir. 1933);
 
 Smith v. Hill,
 
 317 F.2d 539 (9th Cir. 1963). The rationale is that where a state court proceeding to foreclose or otherwise enforce a valid lien has been instituted prior to bankruptcy, the state court has acquired control over the real property.
 
 In re Maier,
 
 65 F.2d at 674-675. The
 
 in rem
 
 jurisdiction of the state court first attaching, the bankruptcy court is without power to interfere.
 
 Straton v. New,
 
 283 U.S. at 326-327, 51 S.Ct. at 468-469;
 
 Town of Agawam v. Connors,
 
 159 F.2d 360 (1st Cir.),
 
 cert. denied,
 
 330 U.S. 845, 67 S.Ct. 1086, 91 L.Ed. 1290 (1947).
 

 Here, we believe the bankruptcy court had jurisdiction to determine when the lien on the appellees’ property was obtained and whether it was obtained within four months before bankruptcy. Having determined that the lien had been obtained within four months of bankruptcy, the court naturally concluded that the state court proceedings had not prevented the bankruptcy court from acquiring jurisdiction over the appel-lees’ property, and that the sale of the property was thus in violation of the Rule 601 automatic stay.
 

 However, we have ruled that the Credit Union obtained a valid lien on the property on July 9, 1975, more than four months prior to the filing of bankruptcy. The state court proceedings to enforce the valid lien were instituted prior to bankruptcy; thus, the state court acquired jurisdiction over the appellees’ property. Therefore, we conclude that the foreclosure sale on January 16, 1976, was not made in violation of the stay provisions of Rule 601, as the stay did not apply to the property which was not under the bankruptcy court’s jurisdiction.
 

 IV.
 
 CONCLUSION
 

 Section 690.235 could not be applied retroactively to’prevent the attachment of the lien on appellees’ property on July 9, 1975. Thus the Credit Union obtained a lien on the property more than four months prior to the filing of bankruptcy.
 

 The state court acquired jurisdiction over the property prior to the petition in bankruptcy. Thus the automatic stay provisions did not apply as the property was not under the jurisdiction of the bankruptcy court.
 

 The judgment below is REVERSED.
 

 [1]
 

 . Section 690.235 stated in relevant part that:
 

 A dwelling home in which the debtor or family of the debtor actually resides [shall be exempt from execution], to the same extent and in the same amount, except as otherwise provided in this section, as the debtor or spouse of the debtor would be entitled to select as a homestead provided that neither such debtor nor spouse has an existing declaration of homestead on any property in this state.
 

 Section 690.235 was replaced by section 690.-31 of the California Code of Civil Procedure in 1977.
 

 [2]
 

 . The procedures set forth in section 690.26 were replaced by section 690.50 of the California Code of Civil Procedure. Under the procedures, where a writ of execution had been levied upon property, the owner of the property had 20 days in which to deliver to the levying officer an affidavit claiming the exemption under section 690.235.
 

 [3]
 

 . This action took place prior to the enactment of the 1978 Bankruptcy Code. Therefore, all the bankruptcy provisions cited in this opinion will refer to provisions which were applicable under the prior law unless otherwise indicated.
 

 [4]
 

 . Article 1, Section 10, Clause 1 of the United States Constitution provides that:
 

 “No State shall . . . pass any . . . Law impairing the obligations of Contracts .... ”
 

 [5]
 

 . Section 674 has since been amended to allow the attachment of judgment liens to dwelling homes where no homestead declaration had been made.