**In re John M. FIGY, Jr. a/k/a and d/b/a T.V. Jacks, Debtor.**

**Bankruptcy No. 87–04014–H7.**

United States Bankruptcy Court,
S.D. California.

July 18, 1989.

Robert V. Schucker, Imperial Beach, Cal., for debtor.

Jerry Michael Suppa, San Diego, Cal., for plaintiff.

Law Firm of Lindley, Lazar & Scales, San Diego, Cal., for Transamerica Commercial.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether in a Chapter 7 case, the debtor is entitled to avoid a pre-judgment attachment lien on his homesteaded real property, when subsequent to the filing of the Chapter 7 petition, and at the time of the debtor's motion to avoid lien, he no longer resides in the homesteaded property.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## FACTS

The debtor is the co-owner of certain real property located at 37 Sierra Way ("Sierra Way property"), Chula Vista, California, valued at between $160,000 and $170,000.[1] On August 14, 1986, debtor recorded a homestead with the San Diego County Recorder.[2]

On September 12, 1986, as part of its action against the debtor, Borg–Warner Acceptance Corporation ("Borg–Warner") obtained a pre-judgment writ of attachment (the "writ") in the California Superior Court.

On June 3, 1987, debtor filed his Chapter 7 petition. The unrebutted evidence is that on all of the dates previously stated, the debtor resided at the Sierra Way property. Sometime subsequent to the filing of the Chapter 7 petition, the debtor vacated the Sierra Way property and has since held the Sierra property as rental property.

In April 1988, the trustee attempted to sell the Sierra Way property but received opposition from a Patricia Krajsa ("Krajsa") who claimed that she was the owner of at least a one half interest in the Sierra Way property. After a hearing on June 16, 1988, this court determined that Krajsa was entitled to a one half ownership interest in the Sierra Way property. Thereafter, the trustee abandoned his interest in the Sierra Way property and on March 29, 1989, the debtor filed his motion to avoid the writ held by Borg–Warner.

The motion was opposed by Transamerica Commercial Finance Corporation ("Transamerica"), successor in interest to Borg–Warner.

Transamerica contends that the California homestead exemption is designed to protect the debtor's primary residence and that since the Sierra Way property is not presently the debtor's primary residence, he is not entitled to the homestead exemption under California Code of Civil Procedure § 704.910, et seq.

## DISCUSSION

The fresh-start policy of the Bankruptcy Code requires that the debtor's exemptions be protected *in toto*. Thus, judicial liens on assets such as the debtor's homestead exemption may be set aside. *In re Baxter*, 19 B.R. 674 (9th Cir. BAP 1982). The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of a lien. *Id.* at 675.

Further, in a Chapter 7 case, the debtor's exemption rights are fixed as of the peti-

---

1. The court bases this value on the Chapter 7 trustee's notice of sale filed on April 8, 1988, in which the trustee sought approval of a sale of 37 Sierra Way at a price of $162,000 subject to overbids starting at $170,000. This court has taken judicial notice of the trustee's and debtor's pleadings in this regard.

2. Article 5 (§§ 704.910–704.995) of Title 9, Part 2, Chapter 4 of the California Code of Civil Procedure.

tion date. *In re Seyfert*, 97 B.R. 590 (Bankr.S.D.Cal.1989).

Transamerica did not produce any evidence indicating that the debtor intended to abandon his homestead or had recorded a subsequent homestead on another real property which would constitute an abandonment of the first declared homestead by operation of California law. To the contrary, the debtor affirmatively asserts his declared homestead interest in 37 Sierra Way.

Transamerica's reliance on *In re Anderson*, 824 F.2d 754 (9th Cir.1987), is misplaced. By virtue of a recorded declaration of homestead, the debtor is entitled to the benefits of the Article 5 declared homestead. The Article 5 definitions, unlike those in Article 4, do not require continued residency. *Id.* at 757. Although residency is required to properly declare an Article 5 homestead, moving away from the homestead does not destroy the exemption status. Further, judgment liens do not attach to the equity protected by the declared homestead exemption. *Id.* at 757, California Code of Civil Procedure § 704.950.

Additionally, *Anderson* is factually distinguishable from the present case since the debtors in *Anderson* did not reside in the homesteaded residence when they filed their bankruptcy petition. The Ninth Circuit emphasized the fact that the debtors had the opportunity, before filing bankruptcy to protect their equity in their residence by transferring it to their new home, but failed to take appropriate action. *Anderson, supra*, at 760.

Since a pre-judgment writ of attachment is a judicial lien for the purposes of § 101(32) and § 522(f) of the Bankruptcy Code, *In re Austin*, 73 B.R. 75, 77 (Bankr. D.Vt.1987); *In re Coston*, 65 B.R. 224, 226 (Bankr.D.N.M.1986) and *In re McNeely*, 51 B.R. 816, 819 (Bankr.D.Utah 1985), the writ of attachment, to the extent that such lien impairs the debtor's homestead exemption in the residence at Sierra Way property, shall and hereby is avoided.

However, the record in this Chapter 7 case as judicially noticed by this court here-in indicates that there may be surplus equity over the debtor's $45,000 homestead exemption. Nothing in this decision shall be construed as avoiding Transamerica's writ, to the extent that the lien would be enforceable as determined by the appropriate California court under California Code of Civil Procedure § 704.950, against the amount of any surplus over the debtor's homestead exemption.

### CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for the debtor is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.