**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MICHAEL TRENT SHOWALTER, | No. 13-60045 |
| Debtor, | BAP No. 12-1419 |
| _____ | MEMORANDUM* |
| MICHAEL TRENT SHOWALTER, | |
| Appellant, | |
| v. | |
| J. MICHAEL HOPPER, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Jury, and Markell, Bankruptcy Judges, Presiding

Submitted June 11, 2015**
San Francisco, California

--------

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER and IKUTA, Circuit Judges, and SEABRIGHT,[***] District Judge.

Michael Trent Showalter ("Showalter") appeals a Bankruptcy Appellate Panel ("BAP") decision affirming a bankruptcy court order sustaining Chapter 7 Trustee J. Michael Hopper's objection under Federal Rule of Bankruptcy Procedure 4003(b) to Showalter's claimed homestead exemption in a one-third interest in a Florida property. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.

Showalter sought an Article 5 "declared homestead" exemption under Cal. Civ. Proc. Code § 704.920. But an Article 5 exemption applies only to "voluntary sales," and not to "forced sales" such as the filing of a bankruptcy petition at issue here. *See, e.g.*, *Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 20-21 (B.A.P. 9th Cir. 2003); *Katz v. Pike (In re Pike)*, 243 B.R. 66, 70 (B.A.P. 9th Cir. 1999).

Further, even if Showalter relied on California's "automatic homestead" provision under Article 4, Cal. Civ. Proc. Code § 704.720 does not apply because Showalter did not reside in the homestead property when he filed for bankruptcy. *See, e.g.*, *Redwood Empire Prod. Credit Ass'n v. Anderson (In re Anderson)*, 824 F.2d 754, 757 (9th Cir. 1987). To determine residency for homestead purposes

---

[***] The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

under California law, a court considers "physical occupancy of the property and the intention with which the property is occupied." *In re Kelley*, 300 B.R. at 21 (citing *Ellsworth v. Marshall*, 16 Cal. Rptr. 588, 589 (Cal. App. 1961)). The factual findings that Showalter did not occupy the Florida property when he filed his bankruptcy petition, and that he had no credible intent to return to reside there permanently, were not clearly erroneous. *See, e.g.*, *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010) (reviewing bankruptcy court's factual determinations for clear error).

Finally, Showalter's argument that the Florida property is exempt under the Florida Constitution lacks merit. Given the bankruptcy court's finding that Showalter's residence in California was not temporary, California's (not Florida's) exemption laws apply. *See* 11 U.S.C. § 522(b)(3)(A); *Arrol v. Broach (In re Arrol)*, 170 F.3d 934, 936 (9th Cir. 1999). And, in any event, Showalter abandoned this argument when he failed to renew it in his Second and Third Amended Schedule C.

**AFFIRMED.**