**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  RUDY EBERTO FUENTES,

Debtor,

------------------------------

DAVID M. GOODRICH, Chapter 7
Trustee,

Appellant,

v.

RUDY EBERTO FUENTES,

Appellee.

No.    15-56618

D.C. No. 2:15-cv-02080-MWF

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted April 7, 2017[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  M. SMITH and N.R. SMITH, Circuit Judges, and FEINERMAN.[***]

David Goodrich appeals the district court's order (affirming the bankruptcy court) permitting Rudy Fuentes to claim a homestead exemption in a piece of real property located in Covina, California, ("the Property") in his Chapter 7 bankruptcy.  Fuentes resided there with his wife and children.  We have jurisdiction to hear this appeal, 28 U.S.C. § 158(d)(1), and we affirm.

**1.** "A Chapter 7 bankruptcy petition creates an estate to satisfy creditors' claims." *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1198 (9th Cir. 2012). California "opted out of the federal exemption scheme," and instead permits debtors to statutorily exempt some of their property from their bankruptcy estates. *Id.* Under California's statutory scheme, there are two different homestead exemptions available. *Redwood Empire Prod. Credit Ass'n v. Anderson (In re Anderson)*, 824 F.2d 754, 756 (9th Cir. 1987).  The first type, the "declared homestead exemption," requires a recorded declaration of homestead and protects the proceeds of the voluntary sale of a declared homestead. *Id.* at 757; Cal. Civ. Proc. Code §§ 704.920, 704.960.  The declared homestead exemption is not at issue here, as Fuentes has not filed a homestead declaration for the Property.  The

[***] The Honorable Gary Feinerman for the Northern District of Illinois, sitting by designation.

second type, the "automatic homestead exemption," applies without a prior declaration of homestead and only protects the proceeds of the forced sale of a homestead. *In re Anderson*, 824 F.2d at 757. The application of the automatic homestead exemption is at issue in this case.

The automatic homestead exemption "is not an absolute right to retain the homestead itself." *Schwaber v. Reed (In re Reed)*, 940 F.2d 1317, 1321 (9th Cir. 1991). Rather, it is "a debtor's right to retain a certain sum of money when the court orders sale of a homestead in order to enforce a money judgment." *Id.* California Civil Procedure Code section 704.730 provides the monetary value of a debtor's homestead exemption, based on the debtor's family status, age, physical and mental ability, and income. However, a judgment debtor's homestead can only be sold if a "bid is received at a sale of [the] homestead pursuant to a court order for sale that exceeds the amount of the homestead exemption plus any additional amount necessary to satisfy all liens and encumbrances on the property . . . ." Cal. Civ. Proc. Code § 704.800(a).

In order to qualify as a "homestead" under the automatic homestead exemption, certain residency requirements must be satisfied. Cal. Civ. Proc. Code § 704.710(c). If the residency requirements are satisfied, a judgment debtor can claim a homestead exemption in the interest he or she has in the property,

3

"regardless of whether the judgment debtor's interest is a fee, leasehold, or lesser interest." Cal. Civ. Proc. Code § 704.820 Law Revision Commission Comments to 1982 Addition; *see also Elliott v. Weil (In re Elliott)*, 523 B.R. 188, 196 (B.A.P. 9th Cir. 2014) ("[T]he [California] automatic homestead exemption applies to *any* interest in the property if the debtor satisfies the continuous residency requirement.").

The parties do not dispute that Fuentes has satisfied these residency requirements. In addition, Fuentes holds a possessory interest in the Property, which is an interest in real property that California law recognizes. *See, e.g.*, Cal. Rev. & Tax. Code § 107; Cal. Code Regs. tit. 18, § 20. Because Fuentes has satisfied the residency requirements, he can claim a homestead exemption in his bankruptcy for the possessory interest that he holds in the Property. However, this possessory interest can be sold by his creditors unless "no bid is received at a sale of [the possessory interest] pursuant to a court order for sale that exceeds the amount of the homestead exemption plus any additional amount necessary to satisfy all liens and encumbrances on the property . . . ." Cal. Civ. Proc. Code § 704.800(a).

Further, Fuentes's possessory interest is still subject to all other provisions of California and federal law, which may "extinguish[] . . . [his] equitable

4

possessory interests in the real property at issue."[1]  *See Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1128 (9th Cir. 2016).

**2.** Without "a valid statutory basis for doing so," we cannot "refuse to honor" Fuentes's claimed homestead exemption.  *Law v. Siegel*, 134 S. Ct. 1188, 1196 (2014).  Title 11, section 522(g) of the United States Code does not prevent Fuentes from claiming a homestead exemption in the Property, because the parties agree that Fuentes neither transferred the Property nor concealed the Property.  *See Glass v. Hitt (In re Glass)*, 60 F.3d 565, 568–69 (9th Cir. 1995) (explaining what is required for 11 U.S.C. § 522(g)(1) to apply).  California's Uniform Voidable Transactions Act also does not prevent Fuentes from claiming a homestead exemption in the Property, because Fuentes did not transfer the Property.  *See* Cal. Civ. Code § 3439.04(a)(1) ("A transfer made . . . by a debtor is voidable as to a creditor . . . if the debtor made the transfer . . . [w]ith actual intent to hinder, delay, or defraud any creditor.").

---

[1] Although we conclude that federal bankruptcy law does not provide a basis for disallowing Fuentes's homestead exemption, we note that Fuentes is not guaranteed to receive any particular amount of money if any other interest (besides his possessory interest) in the Property is sold.

Appellant has failed to identify any other valid federal or state law ground for "refus[ing] to honor" Fuentes's claimed homestead exemption. *See Law*, 134 S. Ct. at 1196.

**AFFIRMED.**