**In re Kenneth A. SELTZER, dba Signs Now, Sharon Seltzer, Debtors.**

**No. BK–S–92–25775–RCJ.**

United States Bankruptcy Court, D. Nevada.

Sept. 28, 1993.

Edwards & Kolesar, Las Vegas, NV, for trustee.

Max Spilka, Las Vegas, NV, for debtors.

## ORDER DENYING TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

ROBERT CLIVE JONES, Chief Judge.

### BACKGROUND

Kenneth and Sharon Seltzer ("the Debtors") filed their Chapter 7 bankruptcy petition in December of 1992. At the time, Debtors claimed as exempt two Individual Retirement Accounts ("IRA's") pursuant to Nevada Revised Statute § 21.090, subd. 1(q) which became law on October 1, 1991.[1] The combined value of the IRA's was $28,300. On April 29, 1993, trustee Robert Cochrane ("the Trustee") objected to the claim of exemption, arguing that it violated the Contracts Clause of the Constitution. *See* U.S. Const. art. I, § 10, cl. 1. The Trustee argues that the $28,300 should be used to pay debts on contracts entered into by the Debtors.

### DISCUSSION

■ Analysis of a Contract Clause claim proceeds in two steps. *NCAA v. Miller*, 795 F.Supp. 1476, 1486 (D.Nev.1992). First, the court must determine whether the state law "substantially impairs the contractual relationship." *Id.* (citing *General Motors Corp. v. Romein*, —— U.S. ——, 112 S.Ct. 1105, 117 L.Ed.2d 328

---

1. N.R.S. § 21.090 reads in part: "The following property is exempt from execution ... [m]oney, not to exceed $100,000 in present value, held in ... [a]n individual retirement arrangement which conforms with the applicable limitations and requirements of 26 U.S.C. § 408."

(1992); *In re LaFortune*, 652 F.2d 842, 846 (9th Cir.1981)).[2] This inquiry involves three components: (1) whether there is a contractual relationship; (2) whether the change in law impairs that contractual relationship; and (3) whether the impairment is substantial. *Romein*, —— U.S. at ——, 112 S.Ct. at 1109. Second, if the impairment is substantial, the court must decide whether that impairment is both "reasonable and necessary to achieve a valid state interest." *NCAA*, 795 F.Supp. at 1486 (citing *United States Trust Co. v. New Jersey*, 431 U.S. 1, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977)).

### 1. *Step One: Substantial Impairment of Contractual Relationship*

#### A. *Contractual Relationships*

Since the instant motion can be disposed of on other grounds, this court assumes for purposes of discussion that the following debts totaling $613,519 represent legitimate contracts which, if substantially impaired, invoke the Contracts Clause: 1) $105,700 incurred in November of 1984 to Nevada Federal Credit Union; 2) $10,319 incurred on February 7, 1990 to Nevada Federal Credit Union; 3) $12,500 incurred on January 15, 1990 to Nevada State Bank; 4) $45,000 incurred on June 12, 1990 to Milton and Marcia Schuster and 5) $440,000 to Signs Now Corp.[3]

#### B. *Impairment of Contractual Relationship*

The Trustee's objection is based, in essence, on an impairment to the creditor's ability to remedy a breach of contract by using the debtor's assets. The ability to shelter funds in an IRA inhibits the creditor's remedy in a way not contemplated at the time of contracting. The Supreme Court held that a contractual relationship is probably impaired where the state invades an area never before subject to state regu-

lation. *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 250, 98 S.Ct. 2716, 2725, 57 L.Ed.2d 727 (1978) (citing *W.B. Worthen Company v. Thomas*, 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344 (1934)); *LaFortune*, 652 F.2d at 847 (an entirely new exemption presents a contract impairment situation as in *Worthen*).

Since there had been no IRA exemption before October 1, 1991, its retroactive application presents an impairment to a contractual relationship pursuant to *Worthen*.

#### C. *Substantiality*

Whether impairment is substantial depends on whether the objecting party "relied heavily, and reasonably, on [a] legitimate contractual expectation." *Allied*, 438 U.S. at 246, 98 S.Ct. at 2723. The Ninth Circuit has held that "while the remedy may be an integral part of the contract, a state may change or modify the form of the remedy, provided that no substantial right is impaired." *LaFortune*, 652 F.2d at 846–47. The right to collection appears to be a substantial right, and reliance on that right would appear to be reasonable. *See generally* Robert M. Lawless, *The American Response to Farm Crises: Procedural Debtor Relief*, 1988 U.Ill.L.Rev. 1037 (1988) (the typical procedural debtor relief statute will nearly always substantially impair contractual obligations).

Because there appears to be substantial impairment in the instant case, we move to the second step: determining whether the impairment is both "reasonable and necessary to achieve a valid state interest." *United States Trust*, 431 U.S. at 25, 97 S.Ct. at 1519; *LaFortune*, 652 F.2d at 847.

### 2. *Step Two: Reasonable and Necessary to Achieve Valid State Interest*

#### A. *Valid State Interest*

The burden of proving or disproving valid state interest depends on the na-

---

**2.** If the contract clause was read literally it would effectively prevent the state from enacting any legislation at all. *Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 428–29, 54 S.Ct. 231, 236, 78 L.Ed. 413 (1934). Minimal impairments are therefore to be disregarded and only substantial impairments prohibited.

**3.** The date upon which the fifth debt was incurred is in dispute. The Trustee, relying on the Debtors' opposition, cites the fifth debt as arising from a contract entered into in 1989. The Debtors' schedules, however, indicate that it arose on June 25, 1992.

ture of the contractual relationship involved. If the challenged state law is alleged to have impaired a contractual relationship involving only private parties, the court should willingly defer to legislative judgment regarding the reasonableness and the necessity of the state law. *NCAA,* 795 F.Supp. at 1476 (citing *Allied,* 438 U.S. at 243 n. 15, 98 S.Ct. at 2722). In other words, when private contracts (as opposed to public contracts) are involved, the burden is on the party objecting to the state law to show that that law is neither reasonable nor necessary. *See id.* at 1476.

■ The legislative history behind NRS § 21.090, subd. 1(q) shows that the legislature was concerned that "if something was not done to correct these inequities, the state would eventually have to move in to take care of people left destitute by attachment to their retirement plans." Senator Adler, *Minutes of the Nevada Legislative Assembly Committee on Judiciary* at 6 (April 3, 1991).

The Supreme Court in *Allied* distinguished between legislation enacted to deal with broad generalized economic or social problems and legislation narrowly aimed at specific businesses or employers who would bear a disproportionate burden. 438 U.S. at 250, 98 S.Ct. at 2725. The cases cited by the Trustee tend to fall within the latter category. NRS § 21.090, subd. 1(q) clearly falls into the former category and represents a valid state interest.

B. *Reasonable*

The Trustee cites *In re Garrison,* 108 B.R. 760, 761 (Bankr.N.D.Okla.1989) for the proposition that NRS § 21.090, subd. 1(q) is unreasonable in the means it employs, even if its ends are justifiable. However, the instant case is distinguishable from *Garrison* in which the bankruptcy court found that a new law violated the Contracts Clause by exempting "all retirement plans, without qualification," adding further that "[t]he amount of money sheltered in a retirement plan or account can be quite large—even hundreds of thousands of dollars." *Id.* at 765–766. While there is no limitation whatsoever on the IRA ex-

emption in Oklahoma, the Nevada statute provides a limit of "$100,000 in present value, held in ... [a]n individual retirement arrangement which conforms with the applicable limitations and requirements of 26 U.S.C. § 408." NRS § 21.090, subd. 1(q).

As noted, *NCAA* puts the burden on the objecting party, in this case the Trustee, to show that the challenged state law is unreasonable or unnecessary. The Trustee has failed to show 1) that the legislative intent to protect retirement is invalid or unnecessary or 2) that the enactment of that intent in NRS § 21.090, subd. 1(q) is unreasonable. Absent such showings, this court must defer to legislative judgment. *See NCAA* at 1476.

### CONCLUSION

Although the trustee has arguably shown substantial impairment, the first step in contract clause analysis, he has failed to meet his burden of proof in the second step by showing the state law to be unreasonable or unnecessary. Accordingly,

IT IS ORDERED that the trustee's April 29, 1993 objection to exemption is hereby denied.