**In re John Joseph BRUTON, Jr., Debtor.**

**Bankruptcy No. 93–01807–A7.**

United States Bankruptcy Court, S.D. California.

June 14, 1994.

Barry J. Schwartz, Law Offices of Barry J. Schwartz, San Diego, CA, for plaintiff.

Bita Hoffman, San Diego, CA, for defendant.

## MEMORANDUM DECISION

LOUISE DeCARL ADLER, Bankruptcy Judge.

John J. Bruton, Debtor, has moved to avoid the judicial lien of Spindrift Del Mar Homeowners Association ("HOA") pursuant to 11 USC Section 522(f), claiming that the lien impaired his homestead exemption. HOA opposes this motion, stating that Bruton did not reside at the property during those times required by the statute and is not entitled to a homestead exemption under the laws of the State of California.

### *FACTUAL SUMMARY*

Bruton is record titleholder to a condominium. Because he failed to pay monthly assessment fees, the HOA filed a complaint against him in November 1991 for the delinquent fees, obtaining a judgment of foreclosure and order for sale. The judgment was recorded on October 1, 1992.

During the evidentiary hearing held in connection with this lien avoidance motion, Bruton testified that he lived at the condominium until March 1991 when he became unemployed. In an effort to keep the condominium, he rented it out and lived with a friend for the next five or six months. Sometime in August 1991 he moved back into the condominium and listed the property for sale. Because he was still unemployed, from time to time he had roommates to assist with the expenses. However, he never moved his furniture from the premises and claims he always intended to continue his residence there.

Sometime in early November 1992, Bruton accepted a position with the Contra Costa Water District in Concord, California. He testified that he took this position out of "desperation" but had no intention of permanently relocating to Concord. He did not rent an apartment in Concord; he did not change his driver's license address. He would return to San Diego for long weekends. During this time he had a roommate who was also occupying the premises. When the HOA posted a foreclosure notice on the condominium, his roommate moved out. On February 22, 1993, Bruton filed Chapter 7 bankruptcy. On that date he was still employed by the Contra Costa Water District.

## ISSUE

Whether HOA's judicial lien should be avoided under Bankruptcy Code § 522(f)(1) as a lien which impairs an otherwise available homestead exemption under California Code of Civil Procedure Section 704.710.

## DISCUSSION

Bankruptcy Code § 522(f)(1) empowers a debtor to avoid the fixing of a judicial lien on any property to the extent that such lien impairs an exemption to which the debtor otherwise would have been entitled under § 522(b). Section 522(b) permits a debtor to exempt property listed either in Bankruptcy Code § 522(d) or as provided for by state law and any applicable federal non-bankruptcy laws. However, under Bankruptcy Code 522(b)(1), a state may prohibit its residents from exercising the federal bankruptcy exemptions listed in 522(d). Since California has "opted out" of these exemptions, Califor-

nia debtors are limited to using the exemptions provided by state law and any other federal non-bankruptcy laws. Cal.Civ.Proc. Code 703.130 (West 1987).

The debtor claims an exemption for his family residence under Cal.Civ.Proc.Code § 704.710, commonly referred to as the "automatic" homestead exemption. This exemption applies only to a debtor's principal dwelling in which the debtor resided on the date the judgment creditor's lien attached to the dwelling, and in which the debtor resided continuously until the date the court determines the dwelling is a homestead. Cal.Civ. Proc.Code § 704.710(c) (West 1987).

HOA contends that Bruton is not entitled to the "automatic" homestead exemption because he did not reside at the condominium on the date the judgment lien attached, nor did he reside there continuously after such date. Instead, Bruton lived in Concord for several months. Bruton contends that he did reside at the condominium when the judgment lien attached. He further argues that although absent for several months, he nevertheless should be considered as residing continuously at the condominium because his absence was temporary.

 However, the parties' contentions as to Bruton's residence are irrelevant in determining whether Bruton is entitled to the claimed homestead exemption. This is because the nature and extent of a debtor's exemption rights are determined as of the date of the petition. *In re Mayer*, 156 B.R. 54, 58 (Bkrtcy.S.D.Cal.1993), *vacated in part on other grounds*, 167 B.R. 186 (9th Cir. BAP 1994). Under Bankruptcy Code § 522(f), HOA's judicial lien is considered non-existent until the date of the bankruptcy, at which time there is a hypothetical attempt by the trustee to levy on the property. *Id.* at 58. The debtor's exemption rights are also fixed as of the petition date. *In re Seyfert*, 97 B.R. 590, 592 (Bkrtcy.S.D.Cal.1989). Thus, the debtor's residency prior to the petition date, as well as after the petition date, need not be determined. The only date of residency relevant in determining whether Bruton is entitled to the homestead exemption in the absence of HOA's lien is the petition date.

In California, the factors to be considered in determining residency for homestead purposes are physical occupancy of the property and the intention with which the property is occupied. *Ellsworth v. Marshall,* 196 Cal.App.2d 471, 474, 16 Cal.Rptr. 588, 590 (1961). While the facts in this case demonstrate that the debtor did not actually physically occupy the condominium on the petition date, that absence does not automatically prohibit the debtor from claiming the exemption. In 1983, the California Legislature amended Cal.Civ.Proc.Code § 704.710(c) by deleting the requirement of "actual" residency to make clear its intention that a person temporarily absent from the property could still claim the homestead exemption. The California Law Revision Commission's Comment to the amendment provides two examples of a temporary absence—a person on vacation or in the hospital. 17 Cal.L.Rev. Comm. Reports 854 (1983). The question then is whether Bruton's absence of four months from the condominium as a result of having been employed in Concord should be considered "temporary" for purposes of Cal. Civ.Proc.Code § 704.710(c).

In *In re Dodge,* 138 B.R. 602 (Bkrtcy. E.D.Cal.1992), a debtor rented an apartment away from home in order to continue her employment. She remained at the apartment four days a week and returned to her house on the weekends. The court allowed the homestead exemption claim, finding that an absence of a few days at a time for employment away from home fit within the definition of a "temporary absence".

In *In re Yau,* 115 B.R. 245 (Bkrtcy. C.D.Cal.1990), the debtors moved from their home into the home of one of their parents when the debtors could not afford to pay the monthly payments on the property. The debtors claimed that they had no intention to abandon their home by moving from it, and hoped to return there sometime in the future. However, the court found that the debtors' absence could not be construed as temporary since they failed to provide any evidence on how much time might lapse before they returned to their home.

The same result was reached in *In re Anderson,* 824 F.2d 754 (9th Cir.1987), where the debtors purchased and moved into a second home so that they could be closer to the college which one of them was attending. The court held that such an absence could not be construed as a temporary absence which the amended homestead statute is designed to excuse.

In determining whether an absence was "temporary", it appears that these cases turn on whether the debtors demonstrated, rather than merely claimed, their intent to return to their home after the absence. In *In re Dodge,* the debtor returned home every weekend, but in *In re Yau* and *In re Anderson,* the debtors moved from their home without any concrete evidence of their intention to return.

In this case, Bruton was absent from his home due to out-of-town employment. He left behind his furniture and belongings and retained his address at the condominium during his absence. He also returned to the condominium for long weekends prior to the filing of the bankruptcy. While the absence may have totalled a number of months, these facts demonstrate his intent to return after his absence. This court concludes that the debtor's absence was temporary for purposes of Cal.Civ.Proc.Code § 704.710 and his claim of the automatic homestead exemption is valid.

The amount that the debtor may claim as exempt for his homestead is $50,000 as provided for in Cal.Civ.Proc.Code § 704.-730(a)(1) (West Supp.1994). However, since Bruton has only $16,981 equity in the property absent HOA's lien, the available exemption for purposes of Bankruptcy Code § 522(f) is limited to the $16,981.

The remaining question is whether and to what extent HOA's lien impairs the available exemption. In analyzing whether a judgment lien impairs a debtor's exemption, we determine whether the debtor has any equity above the senior consensual liens and the debtor's homestead exemption. *In re Herman,* 120 B.R. 127, 131 (9th Cir. BAP 1990). If the creditor's lien is found to have no present economic value, then it is avoided in its entirety.

In this case, the senior consensual liens encumbering Bruton's condominium to-

tal $153,019 and Bruton's available homestead exemption is $16,981. Since the $170,000 property value does not exceed the sum of the consensual liens plus the exemption, HOA's lien has no present economic value. Therefore, HOA's lien is avoided in its entirety as impairing Bruton's otherwise available homestead exemption.

### CONCLUSION

The debtor has satisfied the residency requirements of Cal.Civ.Proc.Code § 704.710(c) for purposes of Bankruptcy Code § 522(f) by clearly showing his intention to return to his condominium upon his absence. As a result, the debtor would be entitled to the "automatic" homestead exemption in the absence of HOA's judicial lien. Since the judicial lien is impairing this otherwise available exemption and has no present economic value, the lien is avoided in its entirety.

This Memorandum Decision is in lieu of findings of fact and conclusions of law. Debtor's counsel is directed to prepare an order in accordance with this Memorandum Decision within ten (10) days of the date of entry.