In re Peter PHAM and Nancy Pham, Debtors.

Bankruptcy No. SV 94–38440–AG.

United States Bankruptcy Court, C.D. California.

Dec. 7, 1994.

Stephen Parry, Law Offices of Stephen Parry, North Hills, CA, for debtors Peter Pham and Nancy Pham.

David B. Zolkin, Arter & Hadden, Los Angeles, CA, for Chapter 7 Trustee.

## MEMORANDUM OF DECISION

ARTHUR M. GREENWALD, Bankruptcy Judge.

### NATURE OF PROCEEDINGS

The Debtors, Peter Pham and Nancy Pham ("Debtors"), filed a joint voluntary Chapter 7 petition on August 1, 1994. The Debtors assert in their filed Schedule C entitled "Property Claimed Exempt" a $65,000 exemption in real property pursuant to California Code of Civil Procedure ("CCP") § 704.730. The real property subject to the claimed exemption is an apartment fourplex located at 410 Lansing Drive, Bakersfield, California ("Bakersfield Property"). The Debtors also claim in their filed Schedule D entitled "Creditors Holding Secured Claims" that the Bakersfield Property has a value of $215,000 and is encumbered by a recorded deed of trust in favor of Empire of America in the amount of $150,000.

On September 6, 1994, Michael S. Kogan was appointed the Chapter 7 Trustee (Trustee) for the Debtors' bankruptcy estate. The Debtors' § 341(a) meeting of creditors was concluded on September 27, 1994.

On October 14, 1994, the Trustee filed a motion objecting to the Debtors' claimed homestead exemption. The Trustee alleges that the Debtors' attempt to claim the Bakersfield Property as exempt is improper because the Bakersfield Property is not the principal dwelling place of the Debtors, as required by CCP § 704.710. The Debtors oppose the Trustee's motion on the ground that they qualify for the exemption, as they have satisfied the residency requirements of CCP § 704.710. The Trustee's motion was heard on November 10, 1994 and submitted.

The court, having considered the record before it, including the declarations and documents received in evidence, the various memoranda and briefs filed by the parties, and the statements and arguments of counsel, files this Memorandum of Decision, which shall constitute this court's Findings of Fact and Conclusions of Law.

## STATEMENT OF FACTS

The Debtors purchased the Bakersfield Property in January 1991. The Bakersfield Property is an apartment fourplex consisting of one (1) three-bedroom unit and three (3) two-bedroom units. The Debtors rented the three-bedroom unit until January of 1993, when the tenant occupying the unit moved out.

Until July 22, 1993, the Debtors were residing permanently in Los Angeles at 20632 Lemmer Street in Chatsworth, California (Chatsworth Property). At that time, the Debtors changed their place of residence and moved all their possessions into the three bedroom unit of the Bakersfield Property. The Debtors began commuting daily from Bakersfield to their jobs in Los Angeles. The Chatsworth Property was rented to tenants.

Subsequently, the Debtors decided to rent a small apartment in Los Angeles to live in during the week to ease the burden of their commute and permit their younger children to return to their Los Angeles schools. In February of 1994, the Debtors rented a two-bedroom apartment at 7424 Haskell Avenue, Los Angeles, on a month-to-month tenancy. On April 1, 1994, the Debtors moved into a larger apartment at 7540 Haskell Avenue. The Haskell apartment is sparsely furnished.

On weekends and holidays, the Debtors returned to the Bakersfield Property. The Debtors have not rented the three bedroom unit to any tenant since they moved there in July of 1993. The Debtors eldest daughter resides in the unit seven days a week. The majority of Debtors' furniture and possessions are located in the unit.

The Debtors also own residential investment property located at 7913 Newcastle Avenue, Reseda, California (Reseda Property). The Debtors have always rented this property to others and have never resided there. The Debtors ceased paying the mortgage in June of 1994. The Chatsworth Property became uninhabitable as a result of the Northridge earthquake. The Debtors ceased making the mortgage payment in July of 1994. The Reseda Property and Chatsworth Property are presently in foreclosure.

The Debtors signed a notarized Declaration of Homestead with respect to the Bakersfield Property on May 17, 1994. The Declaration of Homestead was recorded with the Kern County Recorder on June 17, 1994.

The Debtors intend to maintain an apartment in Los Angeles until the Summer of 1998, at which time Debtors' daughter will graduate from high school.

## DECISION

(1) The Trustee has failed to carry his burden of establishing that the Debtors are not entitled to claim the California homestead exemption prescribed in CCP §§ 704.730 and 704.920 in the amount of $65,000.

(2) The Debtors qualify for the California homestead exemption, as the Debtors' absence from the Bakersfield Property is temporary.

(3) The Trustee's objections to the Debtors' claimed homestead exemption under CCP §§ 704.730 and 704.920 are overruled.

## DISCUSSION

### California Has Opted–Out Of The Federal Exemption Scheme, Codifying Two Types Of Homestead Exemptions

Rule 4003(b), Fed.R.Bankr.P., provides that "[t]he trustee or any creditor may file

objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) [§ 341(a) meeting]. . . ." The Debtors' 341(a) meeting was concluded on September 27, 1994. The Trustee filed the instant motion objecting to Debtors' claimed homestead exemption on October 14, 1994, which was within 30 days after the conclusion of the § 341(a) meeting. The Trustee's motion is timely.

The objecting party to a claim of exemption has the burden of proving that the exemption is not properly claimed. Rule 4003(c), Fed.R.Bankr.P. Therefore, the Trustee has the burden of establishing that the Debtors are not entitled to their claimed homestead exemption of $65,000.

11 U.S.C. § 522(d) lists the exemptions that a debtor may claim in a bankruptcy case. 11 U.S.C. § 522(b) permits each state to prohibit its debtors from using these exemptions. Under California law, a debtor can only claim exemptions under California law and any applicable federal non-bankruptcy law. CCP § 703.130.

California has codified two types of homestead exemptions. The first is the automatic dwelling house exemption found in Article 4 of Chapter 4 of the California Enforcement of Judgments Law. CCP § 704.720(b) provides that "[i]f a homestead is sold under this division . . . the proceeds of sale . . . are exempt in the amount of the homestead exemption provided in Section 704.730." "Homestead" is defined in CCP § 704.710(c) as follows:

"Homestead" means the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.

CCP § 704.710 defines "dwelling" as "a place where a person resides . . ."

The second homestead exemption is the declared homestead exemption which is found in Article 5 of Chapter 4 of the Califor-

nia Enforcement of Judgments Law. CCP § 704.920 provides that "[a] dwelling in which an owner or spouse of an owner resides may be selected as a declared homestead pursuant to this article by recording a homestead declaration in the office of the county recorder of the county where the dwelling is located." "Dwelling" as used in CCP § 704.920 is defined in CCP § 704.910(c) as "any interest in real property that is a 'dwelling' as defined in Section 704.710." As stated above, CCP § 704.710 defines "dwelling" as a place where a person resides.

### The Debtors Must First Qualify For The Automatic Homestead Exemption Before The Debtors Can Obtain The Additional Benefits Of A Declared Homestead Exemption

█ In the case of *In re Anderson,* 824 F.2d 754, 757 (9th Cir.1987), the Court of Appeals held that under applicable California law, the declared homestead exemption only adds benefits to the automatic homestead exemption. In reaching this decision, the Court of Appeals stated in pertinent part:

The debtors essentially contend that Article 5 incorporated the Article 4 exemptions by reference so that their declaration of homestead entitled them to all of the benefits of Article 4. REPCA, on the other hand, argues that NEJA changed the law of declared homesteads so that a declaration only provides for benefits in addition to those conferred by Article 4. After a careful analysis of the statute, we conclude that REPCA is correct. Article 4 protects the homestead from forced sale without prior court order. Cal.Civ.Proc.Code § 704.740(a). Article 5 provides additional benefits for debtors who file a declaration of homestead.

*Id.* at 757.

Also, the Court of Appeals indicated that the recording of a declaration of homestead does not automatically entitle the debtor to the homestead exemption set forth in CCP § 704.730. A debtor must first qualify for the automatic homestead prior to obtaining the additional benefits of the declared homestead exemption. *Id.* at 758–59. One of the prerequisites to qualifying for the automatic

homestead is the "continuous residency" requirement of CCP § 704.710(c).

In the case of *In re Yau*, 115 B.R. 245, 251–52 (Bankr.C.D.Cal.1990), Judge Ahart, citing to the *Anderson* case, stated in pertinent part:

> Again, according to *Anderson*, a declared homestead only adds benefits to the dwelling exemption, meaning that the continued residency requirement must be met before a debtor can obtain the benefits of a declared homestead.
>
>   *   *   *   *   *   *
>
> For each of these reasons, the court finds the Debtors must satisfy the continuous residency requirement of the dwelling exemption to protect a declared homestead against judgment liens.

In accordance with the *Anderson* and *Yau* cases, this Court finds that the recording by the Debtors of a declaration of homestead does not automatically entitle the Debtors to the homestead exemption set forth in CCP § 704.730. The Debtors must first qualify for the automatic homestead exemption prior to obtaining the additional benefits of the declared homestead exemption.

### The Debtors Qualify For The Automatic Homestead Exemption Since Debtors' Absence From The Bakersfield Property Is Temporary

■ Since California has opted-out of the federal exemption scheme, the Debtors are entitled to an exemption under "... State ... law that is applicable on the date of the filing of the petition ..." 11 U.S.C. § 552(b)(2)(A) (1988).

In the instant case, this Court must decide whether the Debtors are entitled to the $65,-000 claimed homestead exemption in accordance with California law on the date the Debtors filed their petition. *In re Morgan*, 157 B.R. 467, 469 (Bankr.C.D.Cal.1993). This requires that the Debtors must reside in the dwelling when the petition is filed in order for the Debtors to be entitled to either the automatic or declared homestead exemption. *In re Dodge*, 138 B.R. 602, 606 (Bankr. E.D.Cal.1992).

Under California law, the automatic homestead exemption only applies to an involuntary or forced sale of the homestead. CCP § 704.720(b) and 1982 Legislative Committee Comment thereto. Accordingly, this Court must find that the Bakersfield Property will be sold at an involuntary or forced sale in order for the automatic homestead exemption to apply in the instant case. Judge Ahart addressed this question in the *Yau* case and concluded as follows:

> In the instant case, there was no escrow pending to sell the Glendale property at the time the Debtors filed their petition. If the trustee's objection [to Debtors' claimed homestead exemption] is sustained, it seems clear that the Glendale property may be sold with or without the Debtors' consent. Consequently, under the [In re] *Cole* [93 B.R. 707 (9th Cir. BAP 1988)] case, the trustee's objection is tantamount to a motion to sell, and sale of the Glendale property by the trustee would be an involuntary or forced sale.

*In re Yau*, 115 B.R. at 248–49.

■ In the instant case, this Court finds that the involuntary or forced sale requirement of the automatic homestead exemption has been satisfied. Though there was no escrow pending to sell the Bakersfield Property on the petition date, the Trustee's motion objecting to Debtors' homestead exemption is tantamount to a motion to sell the Bakersfield Property. Any sale of the Bakersfield Property by the Trustee would constitute an involuntary or forced sale.

■ Pursuant to California law, the factors a court should consider in determining residency for homestead purposes are (1) physical occupancy of the property and (2) the intention with which the property is occupied. *In re Bruton*, 167 B.R. 923, 926 (Bankr.S.D.Cal.1994), citing *Ellsworth v. Marshall*, 196 Cal.App.2d 471, 474, 16 Cal. Rptr. 588, 590 (1961). A debtor temporarily absent from the property on the date of the petition can claim a homestead exemption. *Id.*; *In re Anderson*, 824 F.2d at 756; *In re Yau*, 115 B.R. at 249; *In re Dodge*, 138 B.R. at 602. CCP § 704.710(c) was amended in 1983 to delete the requirement of actual residency on the date the automatic homestead

exemption claim is made. *In re Dodge*, 138 B.R. at 607.

In the *Dodge* case, the Debtor maintained a house in Sacramento, California, recording a Declaration of Homestead in July of 1987. On May 31, 1988, Debtors filed a Chapter 7 petition, claiming a homestead exemption of $45,000. In March of 1987, Debtor wife started working in Salinas, California, until well after the bankruptcy petition was filed, staying there four days a week in a rented apartment, returning to Sacramento on weekends. Debtor husband usually stayed in the Sacramento home, except for occasional trips to Salinas to stay with Debtor wife. In determining that the Debtors' claim of a homestead exemption under § 704.711, et seq., was valid, the court stated in pertinent part:

> ▪ The essential factors in determining residency for homestead purposes are physical occupancy of the property and the intent to live there. *Ellsworth v. Marshall*, 196 Cal.App.2d 471, 16 Cal.Rptr. 588 (1961). Federal Rule of Bankruptcy Procedure 4003(c) places the burden of proof on the party objecting to a claim of exemption. While the facts raised by SHP prove that the Debtors did not physically occupy the house on McMahon Drive all the time, they are not sufficient to overcome the Debtor's contentions that the absences were temporary. The California legislature amended § 704.710(c) in 1983 to delete the requirement of actual residency on the date the automatic homestead exemption claim is made. The deletion was intended to make clear that a temporary absence from the residence, for, e.g., vacation or hospitalization, would not destroy the characteristic of the residence as the principal dwelling. 17 Cal.L.Rev.Comm. Reports 854 (1983). A temporary absence of a few days at a time for employment away from home seems to fit within this category of temporary absences as well. Therefore, the court concludes that the debtors' claim of a homestead exemption pursuant to § 704.710 et seq. is valid.

Similarly, in the *Bruton* case, the court considered the question of whether the Debt-or's absence of four months from his declared homestead, i.e., a condominium, as a result of his employment in another county, should be considered temporary for purposes of § 704.710(c). In referring to the *Dodge* case, as well as the *Anderson* and *Yau* cases, the court stated as follows:

> In determining whether an absence was "temporary", it appears that these cases turn on whether the debtors demonstrated, rather than merely claimed, their intent to return to their home after the absence. In *In re Dodge*, the debtor returned home every weekend, but in *In re Yau* and *In re Anderson*, the debtors moved from their home without any concrete evidence of their intention to return.

> [7] in this case, Bruton was absent from his home due to out-of-town employment. He left behind his furniture and belongings and retained his address at the condominium during his absence. He also returned to the condominium for long weekends prior to the filing of the bankruptcy. While the absence may have totalled a number of months, these facts demonstrate his intent to return after his absence. This court concludes that the debtor's absence was temporary for purposes of Cal.Civ.Proc.Code § 704.710 and his claim of the automatic homestead exemption is valid.

▪ The instant case is similar to the *Dodge* and *Bruton* cases. The Debtors maintained their residence at the Bakersfield Property, while working in Los Angeles. They stayed at a rented apartment during the week, returning to the Bakersfield Property on weekends and holidays. The Debtors' eldest daughter resides on the premises on a full-time basis attending school in Bakersfield and does not pay any rent. The premises has not been rented since the Debtors moved there in July of 1993. As in the *Dodge* or *Bruton* cases, the court finds that the Debtors' absence from the Bakersfield Property was temporary on the petition date for purposes of CCP § 704.710, and that their claim of the automatic homestead exemption in the amount of $65,000 is valid.

920

■ The Trustee's contention that the Chatsworth Property constitutes the Debtors' homestead is not persuasive. The Chatsworth Property became uninhabitable due to the January 1994 Northridge earthquake, almost nine months before the Debtors filed the petition. The Debtors ceased making mortgage payments in July of 1994. The property is in foreclosure.

■ The Trustee's references to the Chatsworth Property address appearing on the Debtors' income tax returns for 1992 through 1993, as well as the Debtor maintaining a bank account in Studio City, California, reflecting the Chatsworth Property address, does not persuade this court that the Debtors' homestead, as defined under CCP § 704.710, is other than the Bakersfield Property; nor is the fact that the Debtors are registered to vote in Van Nuys, California, persuasive. The fact that the Debtors' have younger children attending school in Los Angeles during the week is not compelling, as well, as they, together with their parents, return to the Bakersfield Property on weekends and holidays. The Debtors have indicated that they will cease renting their apartment in Los Angeles by 1998, when their daughter graduates from high school, indicating further the temporary nature of their absence.

### The Debtors Also Qualify For The Declared Homestead Exemption

■ During the course of the proceedings, the Debtors stated in open court on the record that they also claimed the homestead exemption prescribed in CCP § 704.920. That section states that a dwelling, as defined by CCP § 704.710(c), where the owner or spouse resides, may be selected as a declared homestead by recording a homestead declaration. Thereafter, the dwelling is a declared homestead. CCP § 704.920.

It is undisputed that the Debtors caused to be recorded a homestead declaration regarding the Bakersfield Property on June 17, 1994, prior to filing bankruptcy. Though they were temporarily absent during the

week, they resided there on that date, and as previously determined herein, they meet the requirements of § 704.710(c). Therefore, in addition to having a valid automatic homestead exemption under CCP § 704.720, the Debtors also qualify for the homestead exemption prescribed in CCP § 704.920.