**In the Matter of: Kristina KARR, Debtor,**

**Sandra McBeth, Appellant,**

**v.**

**Kristina Karr, Appellee.**

**No. 06–56620.**

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2008.*

Filed May 14, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William C. Beall, Esq., Beall & Burkhardt, Santa Barbara, CA, for Appellant.

Janet A. Lawson, Esq., Oxnard, CA, Nathan Berneman, Esq., Westlake Village, CA, for Appellee.

Before: NOONAN, W. FLETCHER, and GOULD, Circuit Judges.

### MEMORANDUM **

Trustee in bankruptcy Sandra McBeth appeals a Bankruptcy Appellate Panel ("BAP") decision affirming a bankruptcy court's order overruling McBeth's objection to Chapter 7 debtor Kristina Karr's claimed automatic homestead exemption in a residence in Santa Cruz, California. We affirm.

This court reviews BAP decisions de novo. *In re Price,* 353 F.3d 1135, 1138 (9th Cir.2004). The bankruptcy court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. *Id.* Findings of fact are not clearly erroneous unless the reviewing court has a "definite and firm conviction"

that a mistake has been made. *Lentini v. Cal. Ctr. for the Arts,* 370 F.3d 837, 843 (9th Cir.2004) (internal quotation marks and citation omitted). California's homestead statute is intended to be liberally construed "so its citizens [do] not lose their homes through a technicality." *In re Canino,* 185 B.R. 584, 590 (9th Cir. BAP 1995) (citation omitted).

California's automatic homestead exemption applies to a debtor's "principal dwelling" in which the debtor resided "on the date the judgment creditor's lien attached to the dwelling" and in which the debtor "resided continuously [ ] until the date of the court determination that the dwelling is a homestead." Cal.Civ.Proc. Code § 704.710(c). The 1983 amendments to the automatic homestead provision deleted the word "actually" before "resides," to make clear that a person "temporarily absent (such as a person on vacation or in the hospital)" can still claim an automatic exemption for his principal dwelling. Legislative Committee Comment to amended Cal.Civ.Proc.Code § 704.710. A court considers two factors in determining residency for homestead purposes: (1) intent to make the property a residence and (2) physical occupancy of the property. *In re Pham,* 177 B.R. 914, 918 (Bankr.C.D.Cal. 1994) (citations omitted). Exemptions are determined "as of the date the bankruptcy petition was filed." *In re Mayer,* 167 B.R. 186, 188 (9th Cir. BAP 1994).

The BAP did not err in restating the bankruptcy court's finding that "the debtor continuously resided at the Santa Cruz property and that she always intended that Santa Cruz was her home" and that her "extended visit" to Moorpark was merely "to get out of town for a little while." First, the trustee does not contest on ap-

---

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

peal the finding that Karr intended to return to the Santa Cruz residence.

Second, the bankruptcy court was not clearly erroneous in relying primarily on *In re Bruton*, 167 B.R. 923 (Bankr.S.D.Ca. 1994), to find that Karr's absence from the Santa Cruz residence was merely temporary and that she had therefore "resided continuously" in Santa Cruz for purposes of the automatic homestead provision. We do not have a definite and firm conviction that the bankruptcy court erred in weighing the facts—that Karr had listed Moorpark as her address and Ventura County as her county of residence on the bankruptcy petition but had identified Santa Cruz as her residence when claiming the exemption; that she was absent from the Santa Cruz residence for at least four months and living in Moorpark at the time she filed for bankruptcy; that her belongings and dog remained in Santa Cruz and her driver's license and voter's registration identify Santa Cruz as her address—and concluding that the weight of the evidence supported a finding that Karr's residence was in Santa Cruz.

For the reasons stated, we AFFIRM. The docketing fee on appeal shall be paid from the estate.

